UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:19-CR-33 |
| vs. | ) | |
| DENNIS LEE SILVERS, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Proceed In Forma Pauperis [Doc. 424], which was filed contemporaneously with a Notice of Appeal [Doc. 423]. This matter is before the Court pursuant to 28 U.S.C. §636 and standing orders of the District Court. For reasons outlined below, this Court **RECOMMENDS** the Motion [Doc. 424] be **DENIED**.

**I. BACKGROUND AND ANALYSIS**

The question before the Court is whether Defendant should be permitted to proceed with an appeal in forma pauperis. "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004); see also *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). Typically, applications to proceed in forma pauperis must follow the procedures set out in Federal Rule of Appellate Procedure 24(a)(1), which states that a party who desires to appeal in forma pauperis must file a motion in the district court, and attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24 (a)(1). Appeals in criminal cases may be subject to the IFP screening process if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding. . . ." Fed. R. App. P. 24(a)(3)(A).

Under Rule 24(a)(3)(A), a Court may preclude a criminal appeal brought without prepayment of fees where a Defendant is not indigent. Here, Defendant has submitted an IFP Application [Doc. 424]. After reviewing submitted documentation, the Court finds Defendant lacks the financial resources to pay the costs associated with an appeal.[1] As such, Defendant financially qualifies to proceed in forma pauperis but that does not end the inquiry.

The Court next consider the substance of Defendant's appeal. In doing so, the Court notes that while Rule 24(a)(1) addresses issues on appeal and redressability more broadly, subsection (a)(3)(A) limits the District Court's intervention to only those cases that are not brought in good faith. An appeal is brought in good faith when issues presented for review are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, Defendant has already appealed the District Court's Order [Doc. 408] denying his Compassionate Release request. *See* [Docs. 409-410]. After filing his Notice of Appeal, Defendant failed to prosecute his case, and the Sixth Circuit Court of Appeals entered an Order dismissing his case. [Doc. 412]. The Order dismissing

---

[1] The advisory committee has noted that inmates proceeding in forma pauperis on appeal in civil appeals are required to pay their filing fee in installments if they are unable to pay a lump sum. Fed. R. App. P. 24 advisory committee's note to 2002 amendments (citing 28 U.S.C. §1915). This matter, seeking relief in a criminal case, is not governed by this rule. Even so, the Court must undertake this screening pursuant to Fed. R. App. P. 24(a)(3).

Defendant's appeal specifically states that Defendant failed to file his brief on appeal despite having been warned that failure to do so would result in dismissal of his case. [Doc. 412, p. 2].

Defendant is now trying to revive the dismissed appeal, but the Court finds that permitting him to do so would be to allow him to circumvent the Sixth Circuit's deadlines entered as to the original appeal. Defendant had the opportunity to raise the issues now being presented through the original appeal under the appellate briefing schedule provided but failed to take advantage of that opportunity. In attempting a second appeal, Defendant lists a number of reasons which he claims prevented him from filing his brief; however, he provides no documentation to support the assertions and further fails to cite to any legal authority which would permit his dismissed appeal to be revived. *See* Defendant's Notice of Appeal [Doc. 423]. The Court is unaware of any basis to permit the requested revival given the state of the record. As such, the Court concludes that Defendant's attempt to revive his failed appeal is brought in bad faith.

## II. CONCLUSION

For reasons set forth above, the Court **RECOMMENDS** Defendant's Motion to Proceed In Forma Pauperis [Doc. 424] be **DENIED**.[2] The Court further notes that within Document 424, Defendant filed separate motions requesting that his late filing be excused and that he be appointed counsel to represent him in this matter. [Doc. 424, p. 2-3]. Given the Court's recommendation that Plaintiff not be permitted to proceed in forma pauperis because his attempt to revive his appeal is taken in bad faith, the Court also **RECOMMENDS** that Defendant's request to excuse his late

---

[2] Objections to this Report and Recommendation must be filed within **14 days** after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

filing and for appointment of counsel be **DENIED**.

                                      Respectfully submitted,

                                      s/Cynthia Richardson Wyrick
                                      United States Magistrate Judge